UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>                Plaintiff,<br><br>    -against-<br><br>PETRÓLEOS DE VENEZUELA, S.A. and<br>PDVSA PETRÓLEO, S.A.,<br><br>                Defendants. | Docket No.:<br><br>New York County Index No.:<br>651006/2019 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants"), by their counsel, hereby remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

1. Plaintiff Red Tree Investments, LLC ("Red Tree") commenced this action by filing a summons and motion for summary judgment in lieu of a complaint, pursuant to section 3213 of the New York Civil Practice Law and Rules,[1] on or about February 15, 2019 in the Supreme Court of the State of New York, New York County, Index No. 651006/2019. Red Tree seeks money damages against Defendants for PDVSA's alleged default under a credit agreement, which was guaranteed by Petróleo.

2. Defendants PDVSA and Petróleo are wholly-owned instrumentalities of the Republic of Venezuela. On January 23, 2019, Juan Guaidó, the President of the National

---

[1] CPLR 3213 provides that "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint."

Assembly, was declared Interim President of Venezuela by the National Assembly pursuant to Article 233 of the Venezuelan Constitution. In accordance with the Constitution, the National Assembly enacted the "Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela" (the "Transition Statute"). Pursuant to Article 15.b of the Transition Statute, the Special Attorney General designated by Interim President Guaidó has the power to appoint counsel of state-owned entities in international litigation. The undersigned counsel is authorized by the Special Attorney General, José Ignacio Hernandez, to appear on behalf of Defendants and to file this Notice of Removal.

3. Defendant PDVSA was served with copies of the summons and motion for summary judgment in lieu of a complaint through its registered agent, CT Corporation, on February 19, 2019. Copies of all process, pleadings, and other papers served on PDVSA are annexed hereto as **Exhibit A**.

4. Defendant Petróleo was served with copies of the summons and motion for summary judgment in lieu of a complaint through its registered agent, CT Corporation, on February 19, 2019. Copies of all process, pleadings, and other papers served on Petróleo are annexed hereto as **Exhibit B**.

### REMOVAL OF AN ACTION AGAINST A FOREIGN STATE

5. This case is removable pursuant to 28 U.S.C. § 1441(d), which provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

6. A "foreign state" "includes . . . an agency or instrumentality of a foreign state," which is defined as an entity "(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States . . . , nor created under the laws of any third country." 28 U.S.C. § 1603.

7. Defendant PDVSA is a capital stock corporation (sociedad anónima) organized under the laws of the Bolivarian Republic of Venezuela ("Venezuela") that is wholly-owned by Venezuela and is not a citizen of the United States.

8. Defendant Petróleo is a capital stock corporation (sociedad anónima) organized under the laws of Venezuela that is wholly-owned by PDVSA.

9. Defendants are thus foreign states, as defined by 28 U.S.C. § 1603, which are entitled to invoke the rights conferred by the Foreign Sovereign Immunities Act and to remove this action pursuant to 28 U.S.C. § 1441(d).

## REMOVAL BASED ON DIVERSITY JURISDICTION

10. This action is also removable based on diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(4), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." Under 28 U.S.C. §1603(a) provides that a "'foreign state', except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b)." Subsection (b) defines an instrumentality as any entity— (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political

subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (e) of this title, nor created under the laws of any third country."

11.     In its motion for summary judgment in lieu of a complaint, Red Tree seeks money damages of $63,500,000.02 against Defendants, exclusive of interest and costs. As a result, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

12.     According to the motion for summary judgment in lieu of a complaint, Red Tree is a limited liability company incorporated in the State of Delaware. Upon information and belief, Red Tree has its principal place of business in the State of Delaware. Therefore, for purposes of 28 U.S.C. § 1332(a)(4), Red Tree is a citizen of a State.

13.     Defendants PDVSA and Petróleos are foreign states within the meaning of 28 U.S.C. §1332(a)(4).

14.     Because Red Tree is a citizen of the State of Delaware and Defendants are foreign states, citizens of Venezuela (and are neither citizens of a State of the United States nor created under the laws of any third country), diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(4).

15.     Consequently, removal of this action is proper under 28 U.S.C. § 1441(a), which provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**PROCEDURAL REQUIREMENTS**

16.     The procedural requirements set forth in 28 U.S.C. § 1446 have been satisfied.

17. Section 1446(a) requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending," which Defendants satisfy with the filing of this Notice of Removal.

18. Section 1446(a) also requires the removing party to provide a copy to the district court of all process, pleadings, and orders served on the defendants in the state action, which Defendants satisfy by attaching these documents to this Notice of Removal as Exhibits A and B, respectively.

19. Under Section 1446(b)(1), notice of removal must be filed within thirty (30) days the defendant's receipt of the initial pleading. Defendants each received the motion for summary judgment in lieu of a complaint, the initial pleading, on February 19, 2019. This Notice of Removal, therefore, is timely.

20. Under Section 1446(b)(2), when a civil action is removed solely on the grounds of diversity jurisdiction, all defendants who have been properly joined and served must join in or consent to removal of the action. PDVSA and Petróleo are the only defendants named in this action, and both join in this Notice of Removal. In any event, removal is also sought under Section 1441(d), as an action against a foreign state, which does not require consent by all defendants.

21. Under Section 1446(d), written notice of removal must be promptly provided to all adverse parties, and a copy of the notice of removal must be filed with the clerk of the state court. Defendants' undersigned counsel is serving a copy of this Notice of Removal on Red Tree's counsel and is filing a copy with the Clerk of the Supreme Court of the State of New York, New York County.

WHEREFORE, notice is given that this action is removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

New York, New York
March 21, 2019

                                            HOGAN LOVELLS US LLP

By:  /s/ Dennis H. Tracey, III
      Dennis H. Tracey, III
      Robin L. Muir
      875 Third Avenue
      New York, New York 10022
      Tel: (212) 918-3000
      Fax: (212) 918-3100
      dennis.tracey@hoganlovells.com
      robin.muir@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*