UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>               Plaintiff,<br><br>     -against-<br><br>PETRÓLEOS DE VENEZUELA, S.A. and<br>PDVSA PETRÓLEO, S.A.,<br><br>              Defendants. | Docket No.: 1:19-cv-002523<br>(related to 1:19-cv-002519) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR STAY

HOGAN LOVELLS US LLP
   Dennis H. Tracey, III
   Robin L. Muir
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

*Counsel for Defendants Petróleos de
Venezuela, S.A. and PDVSA Petróleo,
S.A*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND .......................................................................................................................2

    I.      POLITICAL UNCERTAINTY IN VENEZUELA ......................................................2

    II.     THIS ACTION..........................................................................................................3

ARGUMENT .............................................................................................................................4

CONCLUSION...........................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

CASES:

*Bank of China v. Wells Fargo Bank & Union Tr. Co.*,
   92 F. Supp. 920 (N.D. Cal. 1950) ..................................................................................5

*Delgado v. NJ Transit Rail Operations, Inc.*,
   No. 1:18-cv-02079 (SDA), 2019 WL 697289 (S.D.N.Y. Feb. 20, 2019).................................4

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
   462 U.S. 611, 103 S. Ct. 2591 (1983).....................................................................5

*Gov't of France v. Isbrandtsen-Moller Co.*,
   48 F. Supp. 631 (S.D.N.Y. 1943) .............................................................................5

*Guar. Trust Co. v. United States*,
   304 U.S. 126, 58 S. Ct. 785 (1938).........................................................................4

*Landis v. N. Am. Co.*,
   299 U.S. 248, 57 S. Ct. 163 (1936).........................................................................4

*Pfizer v. Gov't of India*,
   434 U.S. 308, 98 S. Ct. 584 (1978).........................................................................5

*Republic of Panama v. Air Panama Internacional, S.A.*,
   745 F. Supp. 669 (S.D. Fla. 1988) ..........................................................................5

*Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*,
   87 F. Supp. 3d 463 (S.D.N.Y. 2015)........................................................................4

*Rosenfeld v. Hartford Fire Ins. Co.*,
   No. 88 Civ. 2153(MJL), 1988 WL 49065 (S.D.N.Y. May 12, 1988)........................................8

*Royal Park Invs. SA/NV v. Bank of Am. Corp.*,
   941 F. Supp. 2d 367 (S.D.N.Y. 2013).......................................................................4

*Zivotofsky ex rel. Zivotofsky v. Kerry*,
   135 S. Ct. 2076 (2015)...........................................................................................5

OTHER AUTHORITIES:

RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW ..................................................................5

**TABLE OF AUTHORITIES – Continued**

**Page(s)**

U.S. Dep't of State, Press Statement, Continuing U.S. Diplomatic Presence in
    Venezuela (Jan. 23, 2019), available at https://www.state.gov/secretary/
    remarks/2019/01/288545.htm ......................................................................................2

White House, Remarks by Vice President Pence to the Lima Group, Bogota,
    Colombia (Feb. 25, 2019), available at https://www.whitehouse.gov/briefings-
    statements/remarks-vice-president-pence-lima-group-bogota-colombia ............................3, 6

White House, Statement from President Donald J. Trump Recognizing Venezuelan
    National Assembly President Juan Guaidó as the Interim President of Venezuela
    (Jan. 23, 2019), available at https://www.whitehouse.gov/briefingsstatements/
    statement-president-donald-j-trump-recognizing-venezuelan-nationalassembly-
    president-juan-guaido-interim-president-venezuela ...................................................2

Written Testimony of Marcela Escobari before the U.S. House of Representatives
    Committee on Foreign Affairs (Feb. 26, 2018), available at
    https://www.brookings.edu/testimonies/made-by-maduro-the-humanitarian-
    crisis-in-venezuela-and-us-policy-responses ...........................................................6

Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants") respectfully submit this memorandum in support of their motion for a stay of all proceedings due to the current events in the Bolivarian Republic of Venezuela ("Venezuela").

## PRELIMINARY STATEMENT

A limited stay of these proceedings is necessary while the Venezuelan government is transitioning from the Nicolás Maduro regime to the newly-installed government of Juan Guaidó. The Guaidó government has recently been recognized by the United States as the only legitimate government in Venezuela, and therefore Guaidó is the only person who is authorized to respond to the claims against Defendants, which are both wholly-owned instrumentalities of Venezuela. However, the Maduro government has prevented the incoming Guaidó government from accessing the information and government administrative functions that would allow it to fully and effectively exercise its authority.  For example, the Guaidó government currently does not have access to the personnel who would be most knowledgeable about the claims at issue, and therefore is unable, until a full transition occurs, to respond to the claims.  Accordingly, a limited stay of these proceedings is necessary to provide the Guaidó government sufficient time to evaluate Defendants' position in this case and other litigation involving Venezuela and Venezuelan state-owned companies currently pending in the United States.

For these reasons and those that follow, Defendants respectfully request a stay of all proceedings in this action for 120 days to allow for the transition to be completed.

**BACKGROUND**

I.   **POLITICAL UNCERTAINTY IN VENEZUELA**

Pursuant to article 233 of the Venezuelan Constitution, beginning on January 10, 2019, the position of Presidency of Venezuela has been held by the President of the Venezuelan National Assembly, Deputy Juan Guaidó.   On January 23, 2019, Juan Guaidó ratified the application of article 233, acting as Interim President of Venezuela.   That same day, President Donald Trump issued a statement officially recognizing President Guaidó as the Interim President of Venezuela and rejecting the legitimacy of the Maduro government.[1]

In response to President Trump's recognition of President Guaidó, former president Maduro purported to expel all American diplomatic personnel from Venezuela.   Secretary of State Pompeo rejected Mr. Maduro's assertion of political and diplomatic authority, stating that "[t]he United States does not recognize the Maduro regime as the government of Venezuela.   He explained "the United States maintains diplomatic relations with Venezuela and will conduct our relations with Venezuela through the government of interim President Guaidó, who has invited our mission to remain in Venezuela."[2]

On February 25, Vice President Pence reiterated the position of the United States: "President Guaidó, President Donald Trump asked me to be here today to deliver a simple message to you and to the people of Venezuela:  Estamos con ustedes.  We are with you 100

---

[1] The White House, Statement from President Donald J. Trump Recognizing Venezuelan National Assembly President Juan Guaido as the Interim President of Venezuela (Jan. 23, 2019), available at https://www.whitehouse.gov/briefingsstatements/statement-president-donald-j-trump-recognizing-venezuelan-nationalassembly-president-juan-guaido-interim-president-venezuela.

[2] U.S. Dep't of State, Press Statement, Continuing U.S. Diplomatic Presence in Venezuela (Jan. 23, 2019), available at https://www.state.gov/secretary/remarks/2019/01/288545.htm.

percent.  We stand with you in America, along with all the nations gathered here today, and we will keep standing with you until democracy and your libertad are restored."[3]

To facilitate the transition to the newly-installed Guaidó government, the National Assembly enacted the "Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela" (the "Transition Statute").  (Tracey Decl. ¶ 3.)[4]  Pursuant to Article 15.b of the Transition Statute, the Special Attorney General designated by Interim President Guaidó has the power to appoint counsel of state-owned entities in international litigation.  (*Id*.)  On February 5, 2019, pursuant to the authority granted in Article 15.b of the Transition Statute, President Guaidó appointed José Ignacio Hernandez as the Special Attorney General of Venezuela.  (*Id*. Ex. 1.)  On March 19, 2019, the National Assembly approved a resolution that ratified the usurpation of Mr. Reinaldo Munoz Pedroza Attorney General of the Republic (as Maduro's illegally appointed Attorney General) and ratified Mr. Hernandez as the only Special Attorney that has the power to represent the Republic and state-owned entities and appoint legal counsel.  (*Id*. ¶ 4, Ex. 2.)  Mr. Hernandez, has, in turn, engaged the undersigned to appear on behalf of Defendants and make this motion for a stay.  (*Id.* ¶ 5.)

## II.    THIS ACTION

Plaintiff Red Tree Investments, LLC commenced this action by filing a motion for summary judgment in lieu of a complaint on February 15, 2019 in the Supreme Court of the

---

[3] The White House, Remarks by Vice President Pence to the Lima Group, Bogota, Colombia (Feb. 25, 2019), available at https://www.whitehouse.gov/briefings-statements/remarks-vice-president-pence-lima-group-bogota-colombia.

[4] "Tracey Decl." refers to the Declaration of Dennis H. Tracey, III in Support of Defendants' Motion for Stay, dated March 27, 2019, submitted herewith.

State of New York, New York County.  Defendants were both served with process on February 19, 2019.  On March 21, 2019, Defendants timely removed the action to this Court.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936) (citations omitted).   "Courts considering stay applications must 'exercise [their] judgment' and 'weigh competing interests.'"  *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (citation omitted).   Courts in this Circuit consider five factors when deciding whether a stay is warranted: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (citations omitted).   "In analyzing these factors on a case-by-case basis, 'the basic goal is to avoid prejudice.'"  *Delgado v. NJ Transit Rail Operations, Inc.*, No. 1:18-cv-02079 (SDA), 2019 WL 697289, at *1 (S.D.N.Y. Feb. 20, 2019) (citation omitted).   Considering these factors, a stay of all proceedings in this action is appropriate.

Because the United States has recognized Mr. Guaidó as the lawful President of Venezuela, only the government of Mr. Guaidó or his representatives can assert the interests of Venezuela in U.S. courts. *See Guar. Trust Co. v. United States*, 304 U.S. 126, 137, 58 S. Ct. 785, 791 (1938) (holding that "suit [on behalf of foreign state] may be maintained in our courts only

by that government which has been recognized by the political department of our own government as the authorized government of the foreign state"); *Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076, 2084 (2015) ("Legal consequences follow formal recognition. Recognized sovereigns may sue in United States courts."); *see also* RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW § 204 ("Under the Constitution of the United States the President has exclusive authority to recognize or not to recognize a foreign state or government."). And only the representatives and instrumentalities of a government that has been recognized by the United States have standing to sue in U.S. courts or otherwise can avail themselves of the U.S. judicial system. *See Pfizer v. Gov't of India*, 434 U.S. 308, 319-20, 98 S. Ct. 584, 591 (1978) ("It has long been established that only governments recognized by the United States and at peace with us are entitled to access to our courts, and that it is within the exclusive power of the Executive Branch to determine which nations are entitled to sue." (citations omitted)); *see also First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 632 n. 25, 103 S. Ct. 2591, 2603 n. 25 (1983) (denying agents and instrumentalities of unrecognized governments access to United States courts) (citations omitted), *superseded by statute*, as stated in *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 819 (2018). Where competing factions within a foreign government both seek to assert the interests of the foreign state, courts must recognize only that faction which has been recognized by the Executive Branch as rightfully representing the foreign state. *See Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669, 672-76 (S.D. Fla. 1988); *Bank of China v. Wells Fargo Bank & Union Tr. Co.*, 92 F. Supp. 920, 924 (N.D. Cal. 1950). Based on these principles, courts have stayed litigation against foreign states during periods of uncertainty until a new government is recognized. *See Gov't of France v.*

5

*Isbrandtsen-Moller Co.*, 48 F. Supp. 631, 633 (S.D.N.Y. 1943) (staying all proceedings until 60 days after French government was again recognized by United States).

Although the Guaidó government is the sole government recognized by the United States, it does not have full access to the personnel and documents of the government and its instrumentalities, including Defendants.  (Tracey Decl. ¶ 6.)  As a result, Defendants are not in a position to provide their counsel with sufficient information to respond to the allegations of Red Tree in this action, or obtain the necessary documents and testimony required to defend the merits of the case.  (*Id.*)

The current situation in Venezuela presents a complex humanitarian crisis that likely will have far-reaching political, economic, and social consequences, both within Venezuela and internationally.  The country is suffering from crippling inflation and overwhelming poverty (upwards of ninety percent of Venezuelans are living in poverty), and struck with widespread malnutrition and disease.  This suffering has caused millions of Venezuelans to flee the country in search of refuge.  While numerous countries, including the United States, have attempted to provide assistance in response to the National Assembly's official request for humanitarian aid, the Maduro government has sought to block delivery of that aid.[5]

A limited stay of all litigation involving Venezuela is therefore necessary until the government transition is complete.  Additional time is necessary to restore stability to the Venezuelan government and ensure that Venezuela and its agents and instrumentalities are able

---

[5] *See* Written Testimony of Marcela Escobari before the U.S. House of Representatives Committee on Foreign Affairs (Feb. 26, 2018), available at https://www.brookings.edu/testimonies/made-by-maduro-the-humanitarian-crisis-in-venezuela-and-us-policy-responses; *see also* The White House, Remarks by Vice President Pence to the Lima Group, Bogota, Colombia (Feb. 25, 2019), *supra.*

to make fully informed decisions that protect their interests during this crucial moment in Venezuela's history.

A limited stay of all proceedings in this case would permit the new government of President Guaidó time to evaluate the issues in this case and determine appropriate steps to respond to the claims asserted against Defendants by Red Tree.  A stay will also ensure that Defendants have access to all documents and information necessary to defend themselves on the merits and to respond to the allegations of Red Tree in a timely manner.

Any prejudice to Red Tree will be minimal in contrast to the significant prejudice to Defendants if a stay is not granted.  The Guaidó government is currently working toward the goal of a full transition of power.  (Tracey Decl. ¶ 7.)  Defendants are requesting a stay of 120 days in order to allow the transition to occur.  If the transition occurs before the expiration of 120 days, Defendants will advise Red Tree and the Court that the stay is no longer warranted.  If the transition does not occur within 120 days, Defendants may be forced to request an extension of the stay period.

While the requested stay will involve an initial delay of the matter, it is likely that granting the stay will avoid even greater delays.  Should Defendants be forced to respond to the allegations without access to the relevant facts and personnel, there are likely to be even greater delays in the resolution of this matter.  Defendants would be required, for example, to seek discovery from not only Red Tree, but also from the Maduro government.  Obtaining such discovery, even if it could be accomplished, would likely require issuance of Letters of Request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters; submission to the Venezuela Central Authority; and issuance of an order requiring

discovery, a lengthy and complex process. Even if discovery were ordered, it would not necessarily provide adequate information and, in any event, is no substitute for the right of a party to access its own personnel and documents. By contrast, once the Guaidó government fully transitions to power, this matter will proceed expeditiously, saving significant time and effort. *See Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 Civ. 2153(MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) (staying case pending MDL panel's decision because, "[w]hile [plaintiffs] may suffer some initial delay, once the cases are coordinated . . . more time may well be saved than was lost.").

Other lawsuits in which Venezuelan-owned companies are parties are facing similar issues. Within the last month, courts have granted both plaintiffs' and defendants' motions to stay in cases in which the defendants are subject to the same political change in Venezuela. *See, e.g.*, *Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, S.A.*, No. 11-CV-01735, ECF No. 133 (D.D.C. Feb. 15, 2019) (granting motion by plaintiff for indefinite stay of proceedings); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 18-7044, Dkt. 1773506 (D.C. Cir. Feb. 14, 2019) (granting motion by defendant for 120-day stay of proceedings).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion and enter an order staying all proceedings in this action for 120 days.

New York, New York
March 27, 2019

Respectfully submitted,

By: /s/ Dennis H. Tracey, III
    Dennis H. Tracey, III
    Robin L. Muir
    Hogan Lovells US LLP
    875 Third Avenue
    New York, New York 10022
    Tel: (212) 918-3000
    Fax: (212) 918-3100
    dennis.tracey@hoganlovells.com
    robin.muir@hoganlovells.com

    *Counsel for Defendants Petróleos de*
    *Venezuela, S.A. and PDVSA*
    *Petróleo, S.A*

9