UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>        Plaintiff,<br><br>     -against-<br><br>PETRÓLEOS DE VENEZUELA, S.A. and<br>PDVSA PETRÓLEO, S.A.,<br>        Defendants. | Docket No. 1:19-cv-02523<br>(related to 1:19-cv-02519) |

**RED TREE'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY**

                QUINN EMANUEL URQUHART &
                SULLIVAN, LLP

                Stephen A. Broome
                Susheel Kirpalani
                Victor Noskov
                Anna Deknatel
                51 Madison Avenue, 22nd Floor
                New York, New York 10010-1601
                (212) 849-7000

                Daniel Salinas-Serrano (*pro hac vice*
                forthcoming)
                1300 I Street, N.W.
                Suite 900
                Washington, D.C. 20005
                Tel: 202-538-8132

                *Attorneys for Red Tree Investments,*
                *LLC*

Plaintiff Red Tree Investments LLC ("Red Tree") respectfully opposes the motion filed by Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together with PDVSA, "Defendants") for a stay of all proceedings (the "Stay Motion").

## OPPOSITION

Defendants' motion to stay this proceeding—filed on March 27, 2019, 36 days after Red Tree initiated the action in New York Supreme Court—is a clear attempt to delay the adjudication of Red Tree's straightforward action seeking to recover more than $63,500,000.02[1] owed under a credit agreement dated December 27, 2016, originally entered into by GE Capital EFS as lender, PDVSA as borrower, and Petróleo as guarantor (the "2016 Credit Agreement").[2] The requested stay should be denied.

On February 15, 2019, Red Tree initiated this action against Defendants in New York State Court by filing a Motion for Summary Judgment in Lieu of Complaint (the "Summary Judgment Motion") pursuant to CPLR 3213, which permits such motions where, as here, the action "is based upon an instrument for the payment of money only."[3] The only evidence necessary to decide the motion is proof of the debt owed and proof of non-payment.[4] *See Boland v. Indah Kiat Financial (IV) Mauritius Ltd.*, 291 A.D.2d 342, 343 (1st Dep't 2002). Personal service was completed on

---

[1] This amount includes outstanding principal only. Interest under the Credit Agreement, at the default rate, continues to accrue.

[2] On January 25, 2019, GE Capital EFS assigned the 2016 Credit Agreement to Red Tree. As a result of the assignment, Red Tree now stands in GE Capital EFS's shoes as the lender under the 2016 Credit Agreement.

[3] Relief under CPLR 3213 is an expedited remedy allowing plaintiffs to enforce "instruments for the payment of money only" **where the factual bases for their claims are undisputed, on summary judgment, without the filing of a complaint**. *See* CPLR 3213.

[4] The affirmation and affidavit in support of the Summary Judgment Motion and the exhibits thereto provide definitive proof of the amounts due under the Credit Agreement. Such proof includes the payment schedules in the Credit Agreement, certain disbursement notices, a Register with entries that Defendants agreed constitute "prima facie evidence of the matters to which they relate," and proof of non-payment described in the supporting affidavit.

1

February 19, 2019.[5]  Defendants missed the March 11, 2019 deadline to file their response and did not otherwise appear on the Motion's return date of March 21, 2019.  Instead, on the return date, 30 days after service, Defendants filed a notice of removal to this Court. (Dkt. No. 5).  After removal, Defendants once again missed their deadline to respond to Red Tree's motion—March 28, 2019—and instead filed the pending Stay Motion, essentially requesting an indefinite stay of the proceedings pending resolution of the political crisis in Venezuela.  *See* Stay Motion.[6]

Although Defendants characterize the requested 120-day stay as "limited," they acknowledge that 120 days is an arbitrary deadline and that they intend to seek an extension of the stay if a "***full transition of power [by the Guaidó government]*** does not occur within 120 days." *Id.* at 7.  It is unclear from Defendants' papers what event would constitute a "full transition of power."  And, given the current political situation in Venezuela, and its history, it is even less clear whether such a "full transition of power" will occur within 120 days, within a year, or anytime in the foreseeable future.  What is clear is that Defendants owe Red Tree over $63 million in principal, plus interest that continues to accrue, under the 2016 Credit Agreement; Red Tree would be prejudiced if this lawsuit were delayed indefinitely; and there is no legal basis for delaying this action.

A party seeking a stay bears the burden of establishing its need.  *See Clinton v. Jones,* 520 U.S. 681, at 708 (1997).  Importantly, "[a] stay is not a matter of right, even if irreparable injury

---

[5] Defendants filed copies of the summons, motion for summary judgment in lieu of complaint, as well as the supporting documentation served on Defendants on this Court's docket. (Dkt. No. 5).  "It is well settled that the district court takes the removed action in the posture in which it existed when it removed from a state's court jurisdiction and must give effect to all actions and procedures *accomplished* in state court prior to removal." *Valley Nat. Bank v. Oxygen Unlimited, LLC*, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010) (internal citations omitted).

[6] While the Stay Motion was filed one day before the Defendants' deadline to file responsive papers under Rule 81 of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 56, a motion for stay does not toll the deadline, and Defendants have not requested any extension of time to respond.  Red Tree reserves all rights to seek entry of default and a default judgment based on Defendants' disregard of their obligation to respond by March 28, 2019.

might otherwise result…. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations omitted). Defendants have not shown an objective need for ***any*** delay here—let alone an indefinite delay.

Defendants argue that the stay is necessary to "obtain the necessary documents and testimony required to defend the merits of the case" (Stay Motion at 6, 7) and that, absent a stay, "Defendants would be required … to seek discovery from not only Red Tree, but also from the Maduro government" pursuant to the Hague Convention. (Stay Motion at 7). But this purported justification is a red herring and misconstrues the nature of the relief sought by Red Tree.

When CPLR 3213 motions are removed, federal courts treat them as motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See, e.g., Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*, 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017) ("Upon removal to federal court, a New York C.P.L.R. section 3213 motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.").[7] Under Rule 56, summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine dispute

---

[7] *See also Valley Nat. Bank v. Oxygen Unlimited, LLC*, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010) ("Plaintiff's originally filed this action in state court pursuant to N.Y. C.P.L.R. § 3213 and Defendant removed it to federal court. It is well settled that the district court "takes the [removed] action in the posture in which it existed when it removed from a state's court jurisdiction and must give effect to all actions and procedures *accomplished* in state court prior to removal…. However, given that C.P.L.R. § 3213 is a procedural rule, once removed, the Federal Rules of Civil Procedure govern any further proceedings…. Therefore, Plaintiff's motion for summary judgment in lieu of complaint will be treated as a motion for summary judgment made under Rule 56 of the Federal Rules and the papers already submitted to be a complaint and answer.") (internal citations omitted); *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001) ("As a threshold issue, [defendants] contend that although [plaintiff] proceeded in state court pursuant to the expedited summary judgment procedures specified under N.Y. CPLR § 3213, it is precluded from doing so after removal of the action to federal district court…. Their argument, however, is misplaced. It is well established that the district court takes the removed action in the posture in which it existed when it is removed from a state's court jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal…. Accordingly, because [plaintiff] is not required to file a complaint before obtaining expedited consideration of its summary judgment motion, the Court will evaluate the merits of [plaintiff]'s motion as if it had been originally filed in this District.")(internal citations omitted).

3

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Vacold, L.L.C. v. Cerami,* 545 F.3d 114, 121 (2d Cir. 2008). This procedure is particularly appropriate to enforce a debt instrument such as the 2016 Credit Agreement. Indeed, "***to make out a prima facie case for recovery, a plaintiff must simply show proof of a note and failure to make payment.***" *Camofi Master LDC v. College Partnership, Inc.*, 452 F.Supp.2d 462, at 470 (S.D.N.Y. 2006).

Here, Red Tree has already submitted, and Defendants have had over 5 weeks to consider, all the factual support required for the relief sought (*i.e.*, simple proof of an obligation to pay and non-payment of the amounts due). There are no other "documents or testimony" that are relevant in this action, and the Stay Motion does not identify any such documents or testimony.

Defendants are commercial entities that borrowed billions of dollars from U.S. and international investors. They should not be able to avoid judgment indefinitely while Venezuela attempts to resolve what appears to be an intractable political crisis that is only getting more complicated by the day.[8]

## CONCLUSION

The motion should be denied.

*[Remainder of Page Intentionally Left Blank]*

---

[8] Defendants' appeal to the humanitarian crisis in Venezuela as the reason to impose a stay on this proceeding ignores the fact that this lawsuit was not filed against Venezuela. Indeed, Red Tree is sympathetic to the challenges faced by the people of Venezuela and the Guaidó government. But this lawsuit was brought to enforce an obligation to repay over $63 million in debt against two commercial entities that engage in commercial activity worldwide, PDVSA and Petróleo.

4

|  |  | Respectfully submitted, |
|---|---|---|
| DATED: | New York, New York<br>March 29, 2019 |  |
|  |  | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|  |  | By: */s/ Stephen A. Broome* |

Stephen A. Broome
Susheel Kirpalani
Victor Noskov
Anna Deknatel
51 Madison Avenue, 22nd Floor
New York, New York  10010-1601
(212) 849-7000

Daniel Salinas-Serrano (*pro hac vice* forthcoming)
1300 I Street, N.W.
Suite 900
Washington, D.C. 20005
Tel: 202-538-8132

*Attorneys for Red Tree Investments, LLC*

5