UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Red Tree Investments, LLC,

    Plaintiff,

—v—

Petróleos De Venezuela, S.A., et al.,

    Defendants.

19-cv-2523 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

This dispute between Plaintiff Red Tree Investments, LLC and Defendants Petróleos De Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") arises from PDVSA's alleged default under a credit agreement, which was guaranteed by Petróleo. Now before the Court is Defendants' motion for an additional 120-day stay of this litigation or, in the alterative, for a deferral of the pending summary judgment motion in order to allow Defendants an opportunity to take discovery of Plaintiff and relevant non-party witnesses. For the following reasons, the Court DENIES Defendants' motion for an additional stay and RESERVES judgment on their alternate request.

## I. BACKGROUND

Plaintiff commenced this litigation by filing a summons and motion for summary judgment in lieu of a complaint in New York state court pursuant to Section 3213 of the New York Civil Practice Law and Rules. *See* Dkt. No. 5. The case was subsequently removed by Defendants to the Southern District of New York. *See id.* Defendants then filed a motion to stay the litigation for 120 days in light of the political uncertainty in Venezuela at the time. Dkt. No. 10. The Court granted that motion on May 3, 2019, concluding that Defendants' substantial interest in securing access to relevant facts and personnel necessary to respond to Plaintiff's

1

allegations and the judicial interest in favor of resolving cases on their merits outweighed Plaintiff's interest in avoiding delay, "at least with respect to the limited period at issue" in that motion. Dkt. No. 33 at 1–2.

Plaintiff filed a motion to lift the stay on August 5, 2019, and that motion became fully briefed only days before the expiration of the 120-day stay. Dkt. Nos. 36, 40. On September 26, 2019, following expiration of the stay, Defendants moved for an additional 120-day stay, or, in the alternative, to defer consideration of the pending summary judgment motion in order to allow Defendants to take discovery of Plaintiff and non-party witnesses. Dkt. No. 49.

## II. LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "It follows that the decision whether to issue a stay is 'firmly within [the] district court's discretion.'" *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.*, 885 F.Supp. 499, 502 (S.D.N.Y. 1995)). In determining whether a stay is appropriate, the Court must consider whether the "interests of efficient judicial administration and comprehensive disposition of litigation" is better served through an order to stay the proceedings. *New York v. Blank*, 1991 WL 208883, at *11 (N.D.N.Y. Oct. 10, 1991). To guide this determination, courts generally consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

## III. DISCUSSION

### A. Motion for Stay

Defendants argue that an additional stay is warranted because they "remain unable to access the documents and personnel necessary to defend themselves against Red Tree's claims." Dkt. No. 50 at 4. They also argue that the economic and humanitarian crisis in Venezuela continues to weigh in favor of a stay. Dkt. No. 50 at 5–7. Plaintiff responds that it is uncertain when, if ever, "Guaidó will unseat Maduro, finally allowing Defendants to get access to the documents they claim they need," Dkt. No. 52 at 3, and that it continues to be prejudiced by the delay in this litigation, *id.* at 13–18. Plaintiff further argues that Defendants have failed to articulate any legal theory or defense that could be supported by the documents that they allege they need, and that no additional factual development is required for the Court to grant Plaintiff's requested relief. Dkt. No. 52 at 3–11.

#### 1. Stay Factors

The Court remains cognizant of Plaintiff's interest in proceeding expeditiously with this litigation, an interest that grows as the litigation is further delayed. Plaintiff also argues that it may be prejudiced in several ways by an additional stay. It points to a later-filed case brought in this District by other creditors against PDVSA that has been progressing during the pendency of the stay in this action and argues that it may be prejudiced if those later-filed claims ultimately obtain priority over its claim. *See Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-cv-2689 (LLS), Dkt. No. 1 (S.D.N.Y. Mar. 26, 2019). It also argues that further delay may impact its ability to recover *any* judgment in this case because plaintiffs in cases against Venezuela have already proceeded towards or may soon proceed towards attaching PDVSA assets on an alter ego theory while this litigation is stayed. *See, e.g., Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 132 (3d Cir. 2019) (affirming the district

court's grant of a writ of attachment of shares owned by PDVSA) [1]; *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 18-cv-11940 (S.D.N.Y. Dec. 18, 2018). That Plaintiff may not ultimately succeed on its claims in this litigation, and that some of these creditors have *already* obtained awards against Venezuela or PDVSA does not mean, as Defendants argue, that Plaintiff's claim to prejudice is merely speculative or nonexistent. *See* Dkt. No. 53 at 5–7. Indeed, an additional stay will prevent Plaintiff from pursuing its own judgment against PDVSA while other creditors are free to continue toward judgments, enforcement of awards, or attachment of the same assets to which Plaintiff claims entitlement. The full extent of this prejudice, however, remains uncertain, as it is not clear how the Guaidó government will restructure the country's debt when it accedes to power, nor is it clear if and when Plaintiff will receive the special license from the Office of Foreign Assets Control needed to enforce any judgment in this case. *See* Dkt. No. 50 at 10; Dkt. No. 52 at 16–18; Dkt. No. 53 at 7–9.

On the other hand, Defendants still have a substantial interest in securing access to relevant facts and personnel. Even if, as Plaintiff argues, it has submitted sufficient evidence to make out a prima facie case for recovery, Defendants claim that they need access to information and documents to determine whether any defenses are available to them. Dkt. No. 53 at 3. For example, they argue that "information regarding the negotiation and execution of the Credit Agreement and any subsequent modifications is necessary to determine whether there was fraud or misrepresentation in connection [with] the execution of the Credit Agreement, and whether

---

[1] The Court is aware that the District of Delaware recently stayed proceedings in *Crystallex* pending appeal of the Third Circuit's decision to the Supreme Court. Though the district court noted in its Memorandum Order that it considered Crystallex's lack of an Office of Foreign Assets Control license, the change in the U.S.-recognized government of Venezuela, and the humanitarian crisis in the country in issuing the stay, that stay was ultimately issued pursuant to Federal Rule of Civil Procedure 62(c), which governs requests for stays pending appeal. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 17-mc-151 (LPS), Dkt. 154 at 3–7 (D. Del. Dec. 12, 2019).

the Credit Agreement has been amended, revised, or discharged." *Id.* Defendants assert that, despite efforts made to obtain relevant documents and information, "the illegitimate Maduro regime has maintained substantial control of the operation of the Venezuelan government and government-owned entities, including PDVSA and Petróleo in Venezuela." Dkt. No. 50 at 4. The Court credits Defendants' representation that, as a result, they "remain unable to access the documents and information relevant to Red Tree's claims." Dkt. No. 53 at 4. Furthermore, the judicial interest in favor of resolving cases on their merits also weighs in favor of granting a stay.

In May, the Court concluded that the balance of these interests weighed in favor of issuing a stay "at least with respect to the *limited period* at issue" in that motion. Dkt. No. 33 at 2. However, the relative weights of these interests have shifted since then. Indeed, both Plaintiff's interest in proceeding expeditiously with this litigation and the prejudice to Plaintiff have grown as the litigation is further delayed. Moreover, though Defendants have a substantial interest in securing access to relevant facts and personnel, they have already been afforded a considerable amount of time to do so, and it is not clear that any amount of additional time will allow them access to the information they seek. Indeed, in their original stay motion, filed on March 27, 2019, Defendants represented to the Court that "[t]he Guaidó government [was then] working toward the goal of a full transition of power" and "request[ed] a stay of 120 days in order to allow the transition to occur." Dkt. No. 11 at 7. However, as the District Court for the District of Columbia recently noted, "it may take years to stabilize the country and fully transition to another political regime" in Venezuela. *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, 16-cv-1533 (ABJ), Dkt. No. 101 at 8 (D.D.C. Nov. 1, 2019). While the Court is mindful of the political upheaval and attendant economic and humanitarian crises Venezuela is currently experiencing, "it would not be appropriate or fair to the plaintiff to stay

5

[this] case indefinitely until . . . transition [to the Guaidó government] is completed." *Id.* (denying Venezuela's counter-motion for a 120-day stay).

Defendants' motion for an additional stay is therefore DENIED.

### B. Motion for Rule 56(d) Discovery

The Court RESERVES judgment on Defendants' motion, in the alternative, for a deferral of the pending summary judgment motion in order to allow Defendants to more fully brief their Rule 56(d) request—and support it with a sufficient Rule 56(d) affidavit or declaration—should they choose to do so.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for an additional 120-day stay of this litigation is denied. If Defendants choose to more fully brief their Rule 56(d) request, the parties shall submit a joint letter proposing a briefing schedule by January 21, 2020. If Defendants choose not to do so, the parties shall instead submit a joint letter proposing a briefing schedule for the summary judgment motion by that date.

This Order resolves Dkt. No. 49.

SO ORDERED.

Dated: January 14, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge