**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8132**

WRITER'S EMAIL ADDRESS
**danielsalinas@quinnemanuel.com**

January 24, 2020

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al., No. 1:19-cv-02523
        (related to No. 1:19-cv-02519)

Dear Judge Nathan:

We write on behalf of the parties in the above-captioned action in compliance with Your Honor's order directing the parties to file a joint letter proposing a briefing schedule either for Defendants' motion for Rule 56(d) discovery or for the pending summary judgment motion.

The parties have conferred regarding whether briefing under Rule 56(d) is necessary and, if so, the scope of the issues in dispute.  The parties have been unable to reach a consensual resolution. This letter sets out each party's position.

**Plaintiff's Position**

In the interest of avoiding additional delay associated with briefing a Rule 56(d) motion, Red Tree proposed that Defendants agree to forego Rule 56(d) briefing and, in exchange, Red Tree would produce documents consistent with the limited discovery ordered by the Court pursuant to Rule 56(d) in *Dresser-Rand Company v. Petroleos De Venezuela, S.A. et al*, S.D.N.Y. 19-CV-02689, ECF No. 37 (Sept. 6, 2019 Order), a case that is substantively very similar.  *See* Ex. A (Email correspondence between the parties' counsel), at 6 (Jan. 18, 2020 D. Salinas email).

In response, Defendants proposed forgoing  Rule 56(d) briefing if Red Tree produced documents (including documents in the possession, custody or control of the Initial Noteholders or any

quinn emanuel urquhart & sullivan, llp

successor Noteholders) in three categories:

1. Correspondence and documents exchanged between any initial Noteholder or successor Noteholder and PDVSA or Petroleo concerning the terms and performance of the Note Agreement or Notes, including payment.

2. Correspondence and documents exchanged between Red Tree and any initial Noteholder or successor Noteholder concerning the assignment or transfer of the Note Agreement or Notes, including payment.

3. Correspondence and documents exchanged between Red Tree and PDVSA or Petroleo concerning the terms and performance of the Note Agreement or Notes, including payment.

*Id.* at 4-5 (Jan. 21, 2020 D. Tracey email).

Red Tree agreed in principle to produce categories 1 and 3, but explained that category 2 is over-broad and seeks documents with no apparent relevance to the claims or defenses in this action. *Id.* at 2-3 (Jan. 23, 2020 D. Salinas email). Red Tree therefore requested that Defendants identify specific categories of documents within category 2—beyond the assignment agreement already filed with Red Tree's motion papers—that Defendants believe are relevant to any available defense so that Red Tree could consider producing those documents voluntarily. *Id.*

Defendants refused to provide further specificity, maintaining that they are entitled to *all* documents in category 2 to determine whether the assignment was "valid." *Id.* at 2 (Jan. 23, 2020 D. Tracey email). Defendants did not identify any basis for believing that the assignment is invalid. Defendants warned that if Red Tree "will not agree to the production of those documents [in category 2], we will need to advise the court that we will brief the Section 56(d) motion." *Id.* Defendants also purported to "reserve the right in any such motion to seek documents beyond the documents that were the subject of our compromise offer" and proposed a 3-month schedule to brief Rule 56(d). *Id.* Defendants have not at any time identified additional categories of documents "beyond the documents that were the subject of [the] compromise offer" that they contend are relevant to their defenses in this action.

Thus, the sole category of documents over which there is a genuine dispute—*i.e.*, putting aside Defendants' reservation of rights to seek further unspecified categories of documents—is category 2. However, aside from the assignment agreement, which was attached to Red Tree's motion, the documents in category 2 are irrelevant and therefore Rule 56(d) briefing is unnecessary. Under New York Law, an assignment is valid where, as here, it is "made in writing and signed." *See Lucas v. United States*, 775 F.3d 544, 548 (2d Cir. 2015) (citing N.Y. Gen. Oblig. § 5–1107). Moreover, to the extent Defendants seek discovery of the amount Red Tree paid for the Notes in order to confirm that the assignment was supported by adequate consideration (as Defendants have indicated), such information is irrelevant because even "the *absence* of consideration" is no defense to enforcement of the assigned rights. *Id.* (emphasis added); *see also* N.Y. Gen. Oblig. Law § 5-1107 ("An assignment shall not be denied the effect

of irrevocably transferring the assignor's rights because of the absence of consideration, if such assignment is in writing and signed by the assignor[.]"); *Moezinia v. Ashkenazi*, 136 A.D.3d 988, 989 (N.Y. App. Div. 2016) (explaining that "absent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial review").   Red Tree has produced the assignment agreement;  Defendants have not identified any basis to believe that the assignment is invalid; and therefore Defendants' request to review all documents relating to the assignment is a fishing expedition and should be denied.

Accordingly, additional Rule 56(d) briefing is unnecessary and therefore Red Tree respectfully requests that the Court set a schedule for briefing Red Tree's motion for summary judgment. Red Tree proposes the following schedule:

> Red Tree's motion for summary judgment: already filed on February 15, 2019 in state court, refiled before Your Honor on April 11, 2019.
> Defendants' Opposition: February 7, 2020
> Red Tree's Reply:  February 21, 2020

In the event that the Court allows Defendants to file a Rule 56(d) motion, Red Tree respectfully requests that the Court limit the scope of the motion to category 2, and order that discovery with respect to the other categories commence while the motion is pending to avoid further delay. Red Tree also requests that the 56(d) motion proceed on the following schedule, with which Defendants have agreed in prior correspondence (with summary judgment briefing to be scheduled within a reasonable time following the Court's ruling on the 56(d) motion):

> Defendants' Rule 56(d) motion filed: February 7, 2020
> Plaintiff's opposition: February 17, 2020
> Defendants' reply:     February 24, 2020

**Defendants' Position**

We have been conferring with Red Tree's counsel to see if the parties could reach an agreement to engage in limited discovery of relevant documents and information[1] in an effort to forego additional motion practice; however, no agreement could be reached.  The parties continue to disagree on the scope of the discovery that is relevant to the underlying claims and defenses. Specifically, Red Tree has agreed to produce the documents outlined in Categories 1 and 3, set forth above, but not in Category 2 (correspondence and documents exchanged between Red Tree and any initial Noteholder or successor Noteholder concerning the assignment or transfer of the Note Agreement or Notes, including payment).

---

[1]     Defendants remain unable to access the documents, information, and personnel of PDVSA and Petróleo that are relevant to the claims asserted by Red Tree.  As a result, Defendants currently lack the ability to put on a meaningful defense and oppose Red Tree's pending motion for summary judgment, as due process requires.

We conferred with counsel by telephone on January 21, 2020 and explained why we believe the Category 2 documents are material and relevant.  In an effort to reach a mutually agreeable resolution, we invited Red Tree's counsel to revise the language of Category 2 in the manner that they deemed appropriate.

In response to Defendants' e-mail in follow-up to our telephone call, Red Tree, rather than propose alternative language as we had invited them to do, instead, requested that Defendants identify the specific documents, beyond the assignment agreement (which was already filed in support of Red Tree's motion for summary judgment), that are relevant.  Defendants, again, explained why the documents described in Category 2 are material and relevant and that documents relating to the payment under the assignment agreement, as one example, were necessary for Defendants to determine whether the assignment was effective, pursuant to the very terms of the assignment agreement.[2]  Defendants also reserved the right to seek third-party discovery from the originating lender, if necessary.

Red Tree disagrees with our assessment, and despite previously agreeing to search for "additional documents that are directly relevant to the validity of [the assignment agreement]," Red Tree is now taking the position that the assignment agreement that it already filed is the only document that is relevant to the assignment.  At an impasse, Defendants now plan to move forward with supplementing their motion, pursuant to Rule 56(d), to defer consideration of Red Tree's motion for summary judgment to allow Defendants to seek discovery from Red Tree and, if necessary, from the originating lender.

We propose that Defendants supplement their Rule 56(d) motion by February 7, 2020; Red Tree file its opposition by February 17, 2020; and Defendants file their reply by February 24, 2020.

In an apparent attempt to prevent Defendants from supplementing their Rule 56(d) motion – as already expressly authorized by this Court in its January 14, 2020 order (Dkt. No. 57) – Red Tree attempts to argue the merits of Defendants' Rule 56(d) motion in this letter and unilaterally proposes a briefing schedule on its summary judgment motion.  Defendants will address their merits of Red Tree's arguments in their forthcoming briefing.  Defendants also object to any briefing schedule on Red Tree's summary judgment motion as premature.


Sincerely,

*/s/ Daniel Salinas-Serrano*
Daniel Salinas-Serrano

---

[2]     The assignment agreement provides that "the sale and assignment of the Assigned Interest contemplated hereby shall become effective on the 'Effective Date,' which shall be the date on which Assignor shall have received the Purchase Price, in which event the Assignment Documents may be delivered from escrow to Assignee with copies thereof delivered to Assignor."