UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>               Plaintiff,<br><br>    -against-<br><br>PETRÓLEOS DE VENEZUELA, S.A. and<br>PDVSA PETRÓLEO, S.A.,<br><br>               Defendants. | Docket No.: 1:19-cv-002523<br>(related to 1:19-cv-002519) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR FED. R. CIV. P. 56(d) RELIEF

HOGAN LOVELLS US LLP
Dennis H. Tracey, III
Robin L. Muir
390 Madison Avenue
New York, New York 10017
Tel:  212-918-3000
Fax:  212-918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

Richard C. Lorenzo (pro hac vice)
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Tel:  305-459-6500
Fax:  305-459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

**TABLE OF CONTENTS**

**Page**

ARGUMENT IN REPLY ................................................................................................................1

    I.    THE HERNÁNDEZ DECLARATION FULLY SATISFIES RULE 56(D)    3

        A.    The Hernández Declaration Identifies the Facts Sought and Why they are Essential to the Defense of Red Tree's Claims ................................................................................................................3

            i.    Defendants had No Previous Opportunity to Pursue Discovery of the Facts Defendants now Seek that are within Red Tree's Possession ...................................................5

        B.    The Hernández Declaration Describes the Efforts Defendants Have Taken to Obtain the Facts and Why those Efforts were Unsuccessful ..........................................................................6

    II.    RED TREE'S LAST MINUTE PRODUCTION DOES NOT MOOT DEFENDANTS' RULE 56(D) MOTION    8

CONCLUSION ................................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*,
    769 F.2d 919 (2d Cir. 1985) ....................................................................................................3

*Commercial Cleaning Services, L.L.C. v. Colin Service Systems, Inc.*,
    271 F.3d 374 (2d Cir. 2001) ....................................................................................................7

*Hellstrom v. U.S. Dep't of Veterans Affairs*,
    201 F.3d 94 (2d Cir. 2000) ......................................................................................................1

*Lunts v. Rochester City Sch. Dist.*,
    515 F. App'x 11 (2d Cir. 2013) ...............................................................................................5

*Paddington Partners v. Bouchard*,
    34 F.3d 1132 (2d Cir. 1994) ....................................................................................................5

*Tennenbaum Capital Partners LLC v. Kennedy*,
    No. 07 Civ. 9695 (LTS) (DCF), 2009 WL 2913679 (S.D.N.Y. Sept. 11, 2009) .....................5

*Trebor Sportswear Co. v. The Ltd. Stores, Inc.*,
    865 F.2d 506 (2d Cir. 1989) ....................................................................................................1

*Vasta v. Super Stop & Shop #0509*,
    No. 14 Civ. 3287 (ER), 2016 WL 5720772 (S.D.N.Y. Sept. 29, 2016) ..................................3

Defendants[1] respectfully submit this reply memorandum in further support of their motion, pursuant to Federal Rule of Civil Procedure 56(d), to defer consideration of plaintiff Red Tree Investments, LLC's ("Red Tree") motion for summary judgment to allow Defendants to seek discovery.

**ARGUMENT IN REPLY**

This Court should grant Defendants' request for Federal Rule of Civil Procedure Rule 56(d) ("Rule 56(d)") relief to provide Defendants with their due process right to a meaningful opportunity to be heard.  As the Second Circuit Court of Appeals has recognized, "[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *See Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000)*; accord Trebor Sportswear Co. v. The Ltd. Stores, Inc.,* 865 F.2d 506, 511 (2d Cir. 1989) ("Under Rule 56(f), summary judgment 'may be inappropriate where the party opposing it shows . . . that he cannot at the time present facts essential to justify his opposition'. . . . The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.'").

As this Court recognized, Defendants have a "substantial interest in securing access to relevant facts and personnel."  (Dkt. No. 33.)  Yet, Defendants have not had an opportunity to conduct discovery in this case and have no access to their own documents and information necessary to defend against the motion for summary judgment.  Depriving Defendants of an opportunity to obtain necessary and relevant information would be a clear violation of due process.

---

[1] Defendants adopt herein the same terms defined in their opening "Memorandum of Law in Support of Defendants' Motion for Fed. R. Civ. P. 56(d) Relief," dated February 7, 2020 (Dkt. No. 65) ("Opening Brief" or "Rule 56(d) Motion").

Red Tree's argument that the Declaration of José Ignacio Hernández González submitted in support of Defendants' Rule 56(d) Motion (the "Hernández Declaration") fails to satisfy the requirements of Rule 56(d) is incorrect. The Hernández Declaration describes in detail the information required by Defendants in order to respond to the summary judgment motion, as well as the lack of access to PDVSA's own documents and personnel. Defendants' initial submission detailed the reasons such information is relevant to the claims in the case and how such documents may disclose material information necessary to establish Defendants' defenses to the summary judgment motion.

Red Tree's Opposition provides no basis to reject Defendants' limited and reasonable request for discovery. First, Red Tree's argument that its belated production of a small subset of the requested documents less than an hour before filing its opposition serves to moot this application is meritless. As Red Tree admits, of the three categories of information sought, its last-minute production includes only cherry-picked documents allegedly responsive to one category. (Opp. 18-19.)

Further, Red Tree's argument that Defendants' counsel represented PDVSA in the credit agreement transaction is irrelevant. Defendants' counsel played no role in the transaction once the transaction closed or the interface between the Defendants and the creditor after the execution of the agreements in dispute. Moreover, the missing documents, particularly those related to the assignment of the Credit Agreement to Red Tree, were not provided to Defendants' counsel in connection with the Credit Agreement transaction – indeed, as Red Tree knows, at that time they did not even exist.

Similarly, Red Tree's argument that Defendants did not request discovery earlier is nonsensical. This matter was stayed prior to the taking of any discovery. Once the stay was

lifted in January 2020, Defendants promptly requested discovery. Contrary to Red Tree's arguments, there has been no delay and no prejudice to Red Tree.

For these reasons and those that follow, Defendants respectfully request this Court defer consideration of Red Tree's motion for summary judgment to allow Defendants an opportunity to take discovery of Red Tree and relevant non-party witnesses so that Defendants can endeavor to obtain facts necessary to defend itself in this matter on the merits.

### I. THE HERNÁNDEZ DECLARATION FULLY SATISFIES RULE 56(d)

Contrary to Red Tree's position, the Hernández Declaration satisfies the requirements set forth in Rule 56(d). Rule 56(d) authorizes a court to defer considering a motion for summary judgment if the party resisting summary judgment files an affidavit explaining:

> (1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful.

*Vasta v. Super Stop & Shop #0509*, No. 14 Civ. 3287 (ER), 2016 WL 5720772, at *4 (S.D.N.Y. Sept. 29, 2016) (citing *Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 926 (2d Cir. 1985)). As discussed below, the Hernández Declaration has satisfied each of the Rule 56(d) requirements.

#### A. The Hernández Declaration Identifies the Facts Sought and Why they are Essential to the Defense of Red Tree's Claims

The Hernández Declaration identifies discrete categories of facts that are unavailable to Defendants and relevant to Red Tree's motion for summary judgment. First, the Hernández Declaration states that Defendants require discovery of "correspondence and documents exchanged between any initial or successor Lender or Agent and PDVSA or Petróleo concerning the terms and performance of the Credit Agreement, including payment." (Hernández Decl. ¶ 14.) These documents are necessary to determine whether the Credit Agreement was amended,

modified or satisfied; the amounts paid by PDVSA under the Credit Agreement; whether the default notices were properly issued; and whether the Credit Agreement was induced by misrepresentations or fraud. (Hernández Decl. ¶ 11.)

Red Tree's argument that Defendants should not be permitted to obtain such information because "Red Tree has already filed evidence that payment has *not* been made" (Opp. at 14) is without merit. In so arguing, Red Tree seeks to limit the record to the evidence submitted by its own witness, and to preclude Defendants from testing the accuracy or completeness of Red Tree's evidence. Red Tree has cited no authority for this unprecedented position.

As Mr. Hernández set forth in his declaration, this case presents the highly unusual situation where Defendants do not have access to their own documents or witnesses, and thus do not have access to the information that would permit them to evaluate and test the veracity of the claims and any defenses. Red Tree's criticism of Mr. Hernández's Declaration, for what they call "rehashing" the unfortunate political and humanitarian circumstances in Venezuela, is particularly inappropriate. It is those circumstances, unprecedented in our time, that are the cause of Defendants' lack of access to information and inability to defend themselves without the sought-after discovery. Not one case cited by Red Tree begins to address the situation faced by the Court and the parties here. It is unfortunate that Red Tree seeks to take advantage of Defendants' lack of information by attempting to prevent discovery of relevant information and depriving Defendants of basic due process rights.

The same is true of the other categories of documents sought by Defendants. The Hernández Declaration also identifies as currently unavailable to Defendants and relevant to Red Tree's motion for summary judgment information "exchanged between Red Tree and any initial or successor Lender or Agent concerning the assignment or transfer of the Credit Agreement,

4

including payment." (Hernández Decl. ¶ 14.) These documents are necessary to determine whether Red Tree has standing to assert the present claims, and whether the purported assignment to Red Tree was effective. (Hernández Decl. ¶ 13.)

Red Tree has expressly refused to produce these documents (other than the assignment attached to its moving papers), which raises the question of why Red Tree so vehemently objects to disclosure if the documents are consistent with its summary judgment submission. Once again, Red Tree asserts that only relevant evidence is the evidence Red Tree itself has voluntarily chosen to proffer as part of its motion papers – a stance at odds with the notion of due process.[2]

### i. Defendants had No Previous Opportunity to Pursue Discovery of the Facts Defendants now Seek that are within Red Tree's Possession

The cases cited by Red Tree are inapposite. Red Tree cites to *Paddington Partners*, *Tennenbaum Capital Partners LLC*, and *Lunts* to support its position that the Rule 56(d) Motion should be denied if the discovery is to find out if a claim exists, rather than having a claim for which additional discovery is needed. (Opp. 1, 11); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994); *Tennenbaum Capital Partners LLC v. Kennedy*, No. 07 Civ. 9695 (LTS) (DCF), 2009 WL 2913679, at *5 (S.D.N.Y. Sept. 11, 2009); *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 14 (2d Cir. 2013). In each of these cases, however, the party opposing the motion for summary judgment sought additional discovery after each had an opportunity to previously pursue discovery. *See Paddington Partners*, 34 F.2d at 1139; *Tennenbaum Capital Partners LLC*, 2009 WL 2913679, *3; *Lunts*, 515 F. App'x, at 14. Further, the matters for which the party opposing summary judgment sought discovery were not material or at issue. *Id.*

---

[2] The Hernández Declaration also sought information "exchanged between Red Tree and PDVSA or Petróleo concerning the terms and performance of the Credit Agreement, including payment." Given Red Tree's statement in its opposition that no such documents exist, this category is moot.

Here, by contrast, Defendants have never had the opportunity for discovery (even initial disclosures) and, to make matters worse, do not even have access to their own documents. In these circumstances, Defendants' request for three limited and discrete categories of highly relevant documents can hardly be categorized as excessive. There would be no conceivable prejudice or burden on Red Tree to produce the documents. Red Tree's repeated references to alleged "delay" are particularly hollow, given that if Red Tree had agreed to produce the limited categories of documents at issue, they could have done so and avoided the delay associated with this motion.

### B. The Hernández Declaration Describes the Efforts Defendants Have Taken to Obtain the Facts and Why those Efforts were Unsuccessful

The Hernández Declaration also satisfies the final two prongs of Rule 56(d). Rule 56(d) requires the affiant to identify the steps that have been taken to obtain the facts needed to respond to the motion for summary judgment and why those efforts have been unsuccessful. The Hernández Declaration describes both. Despite its efforts, the relevant and material information remains unavailable to Defendants such that they cannot present the facts required to adequately respond to Red Tree's motion for summary judgment.

Mr. Hernández attests that Defendants "have continued to try to obtain access to the documents and information relevant to Red Tree's claims." (Hernández Decl. ¶ 12.) For example, Mr. Hernández sent a written request to the ad hoc Board of Directors of PDVSA seeking documents and information relevant to the matter. Mr. Hernández confirmed that the Chairman of the ad hoc Board of Directors of PDVSA, Luis A. Pacheco, advised that the ad hoc Board "does not presently have access to documents and information related to the present dispute" because they are located in the Caracas office of PDVSA, "which remains in the control of the Maduro administration." (Hernández Decl. ¶ 12.)

6

Red Tree argues that Defendants' Rule 56(d) Motion should be denied because Defendants failed to seek discovery earlier. But Red Tree ignores the fact that a stay was in effect through January 2020, before the taking of any discovery in this matter. As soon as the stay was lifted, Defendants requested the instant discovery. Thus, Defendants have acted responsibly and requested discovery as soon as practicable.

As the Second Circuit has acknowledged, Federal Rule of Civil Procedure 56 provides that "when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to present facts needed to defend the motion, the court should defer decision of the motion until the party has the opportunity to take discovery and rebut the motion." *See Commercial Cleaning Services, L.L.C. v. Colin Service Systems, Inc.*, 271 F.3d 374, 386 (2d Cir. 2001) (finding that a "plaintiff's failure to furnish all the information required . . . , especially without opportunity for discovery, did not justify the grant of judgment to the defendant"). Since the inception of this case, Defendants have not had an opportunity to seek discovery from Red Tree or any third parties.

Red Tree also argues that Defendants did not diligently pursue relevant information from its counsel, Hogan Lovells, which acted as counsel for PDVSA in connection with the issuance of the Credit Agreement. (Opp. 1-2, 17.) But the documents that were obtained in connection with the Credit Agreement transaction do not include many of the critical documents sought in this motion, including documents relating to payment, modification, or satisfaction of the Credit Agreement; documents relating to fraud in the inducement; or documents relating to the purported assignment of the Credit Agreement to Red Tree. Indeed, virtually all of these documents were created *after* the Credit Agreement transaction and thus could not possibly be in the possession of counsel.

Because the Hernández Declaration identified the efforts Defendants have undertaken to obtain the missing facts to oppose the motion for summary judgment and described why those efforts were unsuccessful, the Hernández Declaration complies with the third and fourth requirements for obtaining Rule 56(d) relief.

## II. RED TREE'S LAST MINUTE PRODUCTION DOES NOT MOOT DEFENDANTS' RULE 56(D) MOTION

Unable to dispute that the Hernández Declaration has satisfied the Rule 56(d) requirements or to challenge Defendants' lack of access to information necessary to defend itself, Red Tree argues that its unilateral and unbound, voluntary production moots Defendants' Rule 56(d) Motion.

While Red Tree produced various documents less than an hour before filing its Opposition, even those belated documents did not include information concerning the assignments of the Credit Agreement.

To rely on the self-selected documents and unchallenged declaration submitted by Red Tree without allowing Defendants an opportunity to discover relevant information concerning the validity of the Credit Agreement, the assignment, and payments under the Credit Agreement—facts not clearly addressed in Red Tree's conclusory declarations and highly relevant to the claims raised in this action—Red Tree's motion for summary judgment is premature.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' Opening Brief, this Court should grant Defendants' motion for relief pursuant to Rule 56(d) in its entirety and enter an order deferring consideration of Red Tree's motion for summary judgment, and granting such other and further relief to Defendants as it deems just and proper.

8

Dated: February 24, 2020

Respectfully submitted,

By: /s/ Dennis H. Tracey, III
Dennis H. Tracey, III
Robin L. Muir
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

Richard C. Lorenzo (pro hac vice)
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Tel:  305-459-6500
Fax:  305-459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*