

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T +1 212 918 3524
dennis.tracey@hoganlovells.com

August 25, 2020

*VIA ECF*

Hon. Alison J. Nathan
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
      S.D.N.Y. Docket No. 1:19-cv-002523(related to 1:19-cv-002519)

Dear Judge Nathan:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo," and together, with PDVSA, "Defendants") in the above-referenced action. We write in response to the letter (Dkt. No. 77) of counsel for plaintiff Red Tree Investments, LLC ("Red Tree") regarding Defendants' pending Rule 56(d) motion for discovery (Dkt. No. 65). Under the guise of "reminding" the Court of the pending motion, in this letter, Red Tree improperly attempts to reargue its opposition to Defendants' motion nearly in full.

Contrary to Red Tree's assertion, the "progress" that other parties suing Venezuela, PDVSA, and Petróleo are allegedly making in *other* litigation is not a reason to deny Defendants' Rule 56(d) motion in this case. As previously explained, Defendants have a substantial interest in securing access to relevant facts and personnel and a due process right to a meaningful opportunity to be heard.

Moreover, Red Tree incorrectly state that Hogan Lovells represented Defendants in the negotiation of the underlying Credit Agreement transaction that is at issue in *this action*. Although Hogan Lovells represented Defendants in the Note transaction at issue in the related Red Tree action (19-cv-2519), Hogan Lovells did not represent Defendants in the Credit Agreement transaction and thus does not have documents in its possession regarding that transaction.

Red Tree's letter also overemphasizes Red Tree's belated production of a small subset of the requested documents less than an hour before filing its opposition to Defendants' motion. Red Tree's last-minute production included only cherry-picked documents allegedly responsive to two of the three categories of information sought. As explained in Defendants' Rule 56(d)

motion, documents concerning the assignment or transfer of the Credit Agreement, including payment, are relevant to Red Tree's standing to enforce the Credit Agreement, and have not been produced.

In any event, Red Tree's claim of prejudice by the potential sale of PDVSA's shares in its subsidiary PDVH in the *Crystallex International Corp. v. Bolivarian Republic of Venezuela* case is meritless. As previously explained, even if Red Tree were awarded a judgment in this case, Red Tree – like all other judgment creditors – could not enforce that judgment against property of PDVSA or Petróleo without first obtaining an OFAC license. It is undisputed that Red Tree has not obtained such a license. Nor have the plaintiffs in the *Crystallex* case or *Dresser-Rand Company v. Petróleos de Venezuela, S.A.* Indeed, no sale has actually been scheduled by the Court in *Crystallex*.

Even if the progress of other cases potentially could impact Red Tree's recovery of any judgment that it may eventually obtain in this case, that risk is speculative and is outweighed by Defendants' substantial interest in securing access to relevant facts and personnel and due process right to a meaningful opportunity to be heard. As previously explained, in contrast to the circumstances in *Dresser-Rand* and *Crystallex*, in this case, Defendants have not had the opportunity to take discovery on key, relevant issues.

Defendants respectfully request that the Court set a reasonable schedule for discovery of Red Tree and relevant non-party witnesses, as due process requires.

                                                        Respectfully submitted,

                                                        Dennis H. Tracey, III