

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

January 25, 2021

VIA CM/ECF

Hon. Alison J. Nathan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al.*,
      Nos. 19 Civ. 2519 and 19 Civ. 2523 (S.D.N.Y.):
      <u>Notice of Pre-Motion Letter in Parallel Litigation</u>

Dear Judge Nathan:

  We represent Red Tree. We respectfully write to inform the Court about a step Red Tree has taken to try to move this litigation forward.

  Today, Red Tree filed a pre-motion letter seeking to intervene in, and to modify the protective order for, *Dresser-Rand Company v. Petróleos de Venezuela, S.A., at al.*, No. 19 Civ. 2689 ("*Dresser-Rand*"), a parallel bondholder case in this District against the Defendants. *See* Ex. A (letter). As the letter describes, Red Tree seeks to access discovery Defendants are taking in *Dresser-Rand* against non-party Deutsche Bank Trust Co. Americas ("DBTCA"). *See id.* at 1-2. Red Tree is doing this to further simplify the matter before this Court in the hopes that doing so will facilitate a decision on Defendants' motions for Rule 56(d) discovery, which have now been pending for over eleven months. *See* No. 19 Civ. 2519, Dkt. 64; No. 19 Civ. 2523, Dkt. 65.

  By way of background, Defendants here initially sought document discovery relating to the Notes and Credit Agreement at issue in these cases. *See* No. 19 Civ. 2519, Dkt. 65 at 7; No. 19 Civ. 2523, Dkt. 66 at 5. Although such discovery was unwarranted, Red Tree nevertheless voluntarily produced documents responsive to Defendants' requests. *See* No. 19 Civ. 2519, Dkt. 84; No. 19 Civ. 2523, Dkt. 85. After Red Tree made that production, Defendants switched gears and asserted for the first time that they were also entitled to third-party discovery, including discovery from DBTCA. No. 19 Civ. 2519, Dkt. 86 at 3; No. 19 Civ. 2523, Dkt. 87 at 3.

  Red Tree seeks to intervene in *Dresser-Rand* because the discovery Defendants have sought from DBTCA in that case is identical to the discovery they seek from DBTCA here. In both cases, Defendants have sought discovery from DBTCA about whether and why it has purportedly rejected PDVSA's attempts to pay creditors, arguing that such discovery is relevant to Defendants' "impossibility" defense. No. 19 Civ. 2519, Dkt. 86 at 3; No. 19 Civ. 2523, Dkt. 87 at 3; No. 19 Civ. 2689, Dkt. 82 at 2-3; Ex. A at 1-2. While Defendants' request for that discovery in this case remains pending, the court in *Dresser-Rand* has allowed that discovery to take place. No. 19 Civ. 2689, Dkt. 84 at 1.

Hon. Alison J. Nathan - 2 - January 25, 2021

It remains Red Tree's position that further discovery in this case is unwarranted. Moreover, even if that discovery were relevant, it could have been sought by Defendants at any time over the past two years. *See* No. 19 Civ. 2519, Dkt. 87 at 3; No. 19 Civ. 2523, Dkt. 88 at 3. Red Tree's voluntary productions have also rendered Defendants' original Rule 56(d) motions moot. *See* No. 19 Civ. 2519, Dkt. 84 at 1-2; No. 19 Civ. 2523, Dkt. 85 at 1-2. And discovery into Defendants' "impossibility" defense, in particular, is not warranted because, unlike in *Dresser-Rand*, there is no evidence to support that defense in this case. No. 19 Civ. 2519, Dkt. 87 at 3; No. 19 Civ. 2523, Dkt. 88 at 3.[1] However, if the court grants Red Tree's anticipated motion in *Dresser-Rand*, Defendants' request for discovery from DBTCA in this case will also be moot. We will advise this Court promptly when the *Dresser-Rand* court rules on that motion.

Red Tree accordingly anticipates the Court's denial of Defendants' Rule 56 motions and establishment of a briefing schedule for Defendants to respond to Red Tree's summary judgment motion. Red Tree also reiterates its willingness to participate in a conference on Defendants' motions if the Court would find that helpful. Notably, Defendants joined in Red Tree's prior request for a court conference on this issue, which remains outstanding. *See* No. 19 Civ. 2519, Dkts. 89-90; No. 19 Civ. 2523, Dkts. 90-91 (statements from both Red Tree and Defendants that such a conference would be useful).

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo

CC: All parties of record (via e-mail and CM/ECF)

---

[1] Red Tree also reserves all rights to argue that other discovery Defendants have sought or may seek in this case is unwarranted, including any other discovery Defendants have obtained in *Dresser-Rand*.