UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RED TREE INVESTMENTS, LLC,

                Plaintiff,

     -against-

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

                Defendants.

Docket Nos.:
1:19-cv-02519;
1:19-cv-02523

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

HOGAN LOVELLS US LLP
Dennis H. Tracey, III
Matthew A. Ducharme
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
matthew.ducharme@hoganlovells.com

Richard C. Lorenzo (pro hac vice)
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
Tel: 305-459-6500
Fax: 305-459-6550
richard.lorenzo@hoganlovells.com
*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................... 2

ARGUMENT .......................................................................................................................... 5

    I.    RELEVANT LEGAL STANDARDS ..................................................................... 5

    II.    THE HOURS ALLEGEDLY EXPENDED BY PLAINTIFF'S COUNSEL ON THIS MATTER ARE UNREASONABLE AND MUST BE REDUCED ............................................................................................................... 6

        A.    The Hours Allegedly Expended by Plaintiff's Counsel Are Grossly Excessive On Their Face And Reflect Blatant Inefficiencies ........................... 6

        B.    The Invoices Contain Many Vague Time Entry Descriptions .......................... 9

        C.    Plaintiff Is Not Entitled To Recover Redundant Fees Incurred Due To Its Choice To Replace Counsel ...................................................................... 10

        D.    Plaintiff's Engagement of Ganfer Shore Leeds & Zauderer LLP Resulted in Redundant, Unnecessary Fees ..................................................... 11

    III.    PLAINTIFF'S FEE AWARD SHOULD BE REDUCED BY 70% ....................... 12

CONCLUSION ..................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*6D Glob. Techs., Inc. v. Lu*,
   No. 15-cv-1120 (LGS), 2016 WL 1756920 (S.D.N.Y. May 3, 2016) ........................................5

*Andert v. Allied Interstate LLC*,
   No. 12 Civ. 7010(PAC), 2013 WL 3833077 (S.D.N.Y. Jul. 17, 2013) ..................................13

*Cablevision Systems New York City Corp. v. Diaz*,
   No. 01 Civ. 4340, 2002 WL 31045855 (S.D.N.Y. July 10, 2002) ...........................................9

*Cimontubo - Tubagens E Soldadura, LDA v. Petróleos De Venezuela, S.A*,
   No. 20 Civ. 05382 (GBD) (S.D.N.Y.) .......................................................................2, 3, 12, 13

*Clarke v. Hudson Valley Fed. Credit Union*,
   No. 14-CV-5291 (KBF), 2016 WL 884667 (S.D.N.Y. Mar. 8, 2016) .....................................7

*Days Inn Worldwide, Inc. v. Amar Hotels, Inc.*,
   No. 05–cv–10100 (KMW) (KNF), 2008 WL 2485407 (S.D.N.Y. June 18,
   2008) ......................................................................................................................................13

*Dresser-Rand v. Petróleos de Venezuela, S.A.*,
   No. 19-cv-02689 (LLS) (S.D.N.Y.) ............................................................................2, 12, 13

*F.H. Krear v. Nineteen Named Trustees*,
   810 F.2d 1250 (2d Cir. 1987) ................................................................................................1, 5

*Estate of Heiser v. Bank of Baroda, New York Branch*,
   No. 11-CV-1602 (LGS), 2013 WL 4780061 (S.D.N.Y. July 17, 2013) ....................6, 12, 13

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) .................................................................................................................5

*James v. Nat'l Railroad Passenger Corp.*,
   No. 02 Civ. 3915, 2005 WL 6182322 (S.D.N.Y. 2005) ........................................................12

*Lunday v. City of Albany*,
   42 F.3d 131 (2d Cir.1994) ........................................................................................................5

*New York State Ass'n for Retarded Children v. Carey*,
   711 F.2d 1136 (2d Cir.1983) ................................................................................................6, 7

*O.R. v. New York City Dept. of Educ.*,
   340 F. Supp. 3d 357 (S.D.N.Y. 2018) ......................................................................................6

*Ognibene v. Parkes*,
 No. 08-cv-1335 (LTS), 2014 WL 3610947 (S.D.N.Y. July 22, 2014) ................................. 5, 11

*Ortiz v. Regan*,
 777 F.Supp. 1185 (S.D.N.Y. 1991) ............................................................................................. 7

*Synergy Aerospace Corp. v. LLFC Corp.*,
 No. 16 cv 2268, 2016 WL 5717582 (S.D.N.Y. Oct. 3, 2016) ..................................................... 5

*Tucker v. Mukasey*,
 No. 03 CIV.3106(LTS)(FM), 2008 WL 2544504 (S.D.N.Y. June 20, 2008) ..................... 9, 10

*Williams v. Epic Security Corp.*,
 368 F.Supp.3d 651 (S.D.N.Y. 2019) ......................................................................................... 13

*Wong v. Hunda Glass Corp.*,
 No. 09 Civ. 4402, 2010 WL 3452417 (S.D.N.Y. Sep. 1, 2010) ................................................. 8

**Other Authorities**

Fed. R. Civ. P. 56(d) ............................................................................................................ 3, 4, 13

Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants") respectfully submit this memorandum in opposition to Red Tree Investments, LLC's ("Red Tree") motion for $3,224,000.25 in attorney fees and $56,177.42 in costs.

**PRELIMINARY STATEMENT**

The fee amount sought by Red Tree is grossly excessive given the scope of the instant actions (No. 1:19-cv-02519, hereinafter referred to as "*Red Tree 1*," and No. 1:19-cv-02523, hereinafter referred to as "*Red Tree 2*"). Plaintiff seeks over $3 million for a dispute that Plaintiff repeatedly characterized as a "straightforward action," *Red Tree 1* Dkt. No. 13 at 1; *Red Tree 2* Dkt. No. 14 at 1, one that did not go trial and featured only a limited exchange of discovery. Inexplicably, Plaintiff's attorneys racked up over 1,100 hours and nearly $1 million in the first three months alone, after completing only two substantive filings: a motion for summary judgment in lieu of complaint and an opposition to Defendants' motion to stay. The exorbitant fees only continued from there. By the end of August 2020, Red Tree's counsel had allegedly expended over 2,600 hours and billed over $2.2 million in fees, yet Red Tree had only made one limited production and the case had been stayed or dormant for significant periods of time.

Under New York law, Red Tree is entitled to recover only "reasonable" attorney fees. *See F.H. Krear v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987). But the excessive fees requested by Red Tree are far from reasonable and this Court should reduce Red Tree's fee request by 70%.

A reduction of 70% is reasonable given the outrageous level of fees sought by Red Tree and the clear evidence that reasonable attorney fees are much lower. This is demonstrated not only by the fees incurred by PDVSA in this case – which were *one-third* of those supposedly incurred by Red Tree – but also by the fees incurred by similarly situated parties, including plaintiffs in

1

analogous cases involving PDVSA.  For example, in *Dresser-Rand v. Petróleos de Venezuela, S.A.*, No. 19-cv-02689 (LLS) (S.D.N.Y.), the plaintiff requested about half of what Red Tree has requested, even though that case went to trial and included a Second Circuit appeal.  In *Cimontubo - Tubagens E Soldadura, LDA v. Petróleos De Venezuela, S.A*, No. 20 Civ. 05382 (GBD) (S.D.N.Y.), a substantially similar case that was also decided on summary judgment, the plaintiff requested less than 4% of what Red Tree has requested here.  In each of these cases, PDVSA agreed to the fee requests without litigation.

Because Red Tree has provided no meritorious justification for its grossly excessive request, its fee application should be reduced substantially.

## BACKGROUND

Plaintiff Red Tree commenced the instant actions by motion for summary judgment in lieu of complaint on February 15, 2019.  *Red Tree 1* Dkt. No. 3; *Red Tree 2* Dkt. No. 5.  Red Tree sought judgments on a Note Agreement, three notes issued thereunder, and a Credit Agreement ("Debt Instruments"), which were allegedly assigned to Plaintiff Red Tree by GE EFS Capital Financing Inc. ("GE EFS") on January 25, 2019 via assignment and acceptance agreements (the "Assignment Agreements").  *Red Tree 1* Dkt. No. 25-11 ¶ 13, Dkt. No. 25-12 ¶ 9; *Red Tree 2* Dkt. No. 26-6 ¶17.  Inexplicably, Red Tree hired three different law firms to advise it in these actions. First, it engaged litigation firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as principal trial counsel.  *Red Tree 1* Dkt. No. 149 at 1–2; *Red Tree 2* Dkt. No. 150 at 1–2.  Quinn Emanuel has twenty-three offices around the world and a multitude of practices, including a New York office and a Latin America practice.[1]  Despite Quinn Emanuel's broad capabilities, Red Tree

---

[1] *See* "Locations," Quinn Emanuel Trial Lawyers, https://www.quinnemanuel.com/offices/; "Latin America Practice," Quinn Emanuel Trial Lawyers, https://www.quinnemanuel.com/practice-areas/latin-america-practice/.

also retained Ganfer Shore Leeds & Zauderer LLP, a litigation boutique, to provide advice about New York state procedure, and Peter Harrell, a former U.S. Department of State official, to advise on OFAC regulations. *Id.*

On March 21, 2019, Defendants timely removed the instant actions to this Court. *Red Tree 1* Dkt. No. 1; *Red Tree 2* Dkt. No. 5. Defendants then moved for a stay of all proceedings on March 27, 2019 in light of the political uncertainty in Venezuela. *Red Tree 1* Dkt. Nos. 9–11; *Red Tree 2* Dkt, Nos. 10–12. On March 29, 2019, Red Tree responded in opposition. *Red Tree 1* Dkt. No. 13; *Red Tree 2* Dkt. No. 14. No further action was taken by Red Tree in March.

By order dated May 6, 2019, the Court granted Defendants' motion and stayed the proceedings for a period of 120 days. *Red Tree 1* Dkt. No. 33; *Red Tree 2* Dkt. No. 33. The actions remained stayed until September 3, 2019, despite a failed attempt by Red Tree to have the court prematurely lift the stay in August. *Red Tree 1* Dkt. No. 36; *Red Tree 2* Dkt. No. 36. Defendants thereafter moved for an additional stay or, in the alternative, the opportunity to seek discovery, pursuant to Fed. R. Civ. P. 56(d). *Red Tree 1* Dkt. Nos. 49–51; *Red Tree 2* Dkt. Nos. 49–51. After briefing was completed on the motion for an additional stay in October 2019, there was little movement until the parties more fully briefed Defendants' Rule 56(d) motion for discovery in January and February 2020. At that time, Red Tree made a limited production of 1,546 documents. *Red Tree 1* Dkt. No. 68; *Red Tree 2* Dkt. No. 69.

Subsequently, the actions once again remained largely dormant until mid-August 2020. At that time, Red Tree engaged new trial counsel, MoloLamken LLP ("MoloLamken"), to take over the case from Quinn Emmanuel. *Red Tree 1* Dkt. No. 149 at 3; *Red Tree 2* Dkt. No. 150 at 3. Red Tree made a second, smaller production in late September 2020 of 1,095 documents. *Red Tree 1*

3

Dkt. No. 84; *Red Tree 2* Dkt. No. 85. The actions then were largely dormant again for another eight months.

On June 1, 2021, this Court ruled in favor of Defendants and granted a limited, one-month discovery period in response to Defendants' Rule 56(d) motion. *Red Tree 1* Dkt. No. 99; *Red Tree 2* Dkt. No. 100. This was then extended by two weeks for domestic discovery and 30 days for international discovery. *Red Tree 1* Dkt. Nos. 102, 112; *Red Tree 2* Dkt. Nos. 102, 113. Given the time constraints, Defendants engaged in narrow third party discovery and received fewer than 250 documents from all third parties combined, and conducted two depositions. Red Tree did not take any depositions. After discovery, the parties completed summary judgment briefing in August 2021.

From September until December 2021, both actions were once again dormant. In December, both cases were transferred from Judge Nathan's docket to this Court. *Red Tree 1* Dkt. No. 136; *Red Tree 2* Dkt. No. 137. On December 22, this Court granted Red Tree's motion for summary judgement. *Red Tree 1* Dkt. No. 137; *Red Tree 2* Dkt. No. 138. On January 6, 2022, this Court entered a final judgement. *Red Tree 1* Dkt. No. 143; *Red Tree 2* Dkt. No. 143.

In sum, the substantive activity in these actions were limited, and primarily only involved: (1) briefing on Red Tree's motion for summary judgment (as restated when removed to federal court); (2) briefing on the motions to stay and motion to lift the stay; (3) a motion for discovery pursuant to Fed. R. Civ. P. 56(d); and (4) a limited, two-month discovery period. Besides short letters addressed to the Court, the cases were otherwise stayed or dormant for large periods of time. For this, Red Tree now requests $3,280,177.67 in attorney fees and costs through December 2021.

*Red Tree 1* Dkt. No. 149; *Red Tree 2* Dkt. No. 150. In contrast, by the end January 2022, Defendants had incurred just $1,039,022.72 in attorney fees and costs. Ducharme Decl. ¶ 3.[2]

## ARGUMENT

### I. RELEVANT LEGAL STANDARDS

Under New York law, Red Tree is entitled to recover only "reasonable" attorney fees and expenses necessarily incurred in prosecuting these actions. *See F.H. Krear*, 810 F.2d at 1263; *6D Glob. Techs., Inc. v. Lu*, No. 15-cv-1120 (LGS), 2016 WL 1756920, at *4 (S.D.N.Y. May 3, 2016). In determining reasonableness, Courts employ the "presumptively reasonable fee" standard. *Synergy Aerospace Corp. v. LLFC Corp.*, No. 16 cv 2268, 2016 WL 5717582, at *2 (S.D.N.Y. Oct. 3, 2016). To calculate the presumptively reasonable fee, "courts typically start with a determination of the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. (citations omitted).

Courts "should exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citations omitted). "To that end, '[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Ognibene v. Parkes*, No. 08-cv-1335 (LTS), 2014 WL 3610947, at *3 (S.D.N.Y. July 22, 2014) (quoting *Hensley*, 461 U.S. at 434). A court's task is to make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir.1994). "[I]f the fee claims are exorbitant or the time

---

[2] "Ducharme Decl." refers to the Declaration of Matthew Ducharme in Support of Defendants' Opposition to Red Tree's Motion for Attorneys' Fees, dated March 16, 2022, submitted herewith. Hereafter, all references to the exhibits attached to the Declaration will be prefaced only by "Exh."

5

devoted to presenting them is unnecessarily high, the judge may refuse further compensation or grant it sparingly." *O.R. v. New York City Dept. of Educ.*, 340 F. Supp. 3d 357, 371 (S.D.N.Y. 2018) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980)).

An across-the-board percentage reduction may be warranted where the hours billed are "excessive in light of the type and amount of work required." *Estate of Heiser v. Bank of Baroda, New York Branch*, No. 11-CV-1602 (LGS), 2013 WL 4780061, at *5 (S.D.N.Y. July 17, 2013) (granting a 70% reduction in attorney fees and costs). This is especially so in cases such as this, with voluminous fee applications, because "courts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application. These courts have endorsed percentage cuts as a practical means of trimming fat from a fee application." *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983).

## II. THE HOURS ALLEGEDLY EXPENDED BY PLAINTIFF'S COUNSEL ON THIS MATTER ARE UNREASONABLE AND MUST BE REDUCED

### A. The Hours Allegedly Expended by Plaintiff's Counsel Are Grossly Excessive On Their Face And Reflect Blatant Inefficiencies

Red Tree seeks to recover an exorbitant fee amount—more than triple what Defendants spent—for a dispute that did not lead to trial, involved only limited discovery, and was stayed or dormant for significant periods of time —approximately 21 months in total.[3] Red Tree's high fees are not the result of an extraordinary amount of work, but rather an extraordinary amount of inefficiencies and excess—none of which should be put on Defendants' tab. The invoices provided by Red Tree reflect an excessive number of hours expended across the board, racking up fees far beyond what a "presumptive reasonable fee" would be for this case. Because the invoices reflect

---

[3] The case was stayed for 120 days. Putting aside brief letters to the Court and other minor filings, the cases were largely dormant from March 2020-August 2020, October 2020-May 2020, and September 2021-November 2021.

a facially excessive number of hours, Red Tree's $3,224,000.25 fee request is unreasonable and it must be reduced.[4]

Such excess is evident starting with the first three months of representation, from January through March 2019.  During that period, Red Tree's only substantive filings were its motion for summary judgment in lieu of complaint and its opposition to Defendants' motion to stay.  *Red Tree 1* Dkt. No. 3, 13; *Red Tree 2* Dkt. No. 5, 14.  Yet, during this same period, Red Tree engaged three different law firms, who billed for over 1,100 hours of work.  *Red Tree 1* Dkt. No. 150-6, 150-8, 150-9; *Red Tree 2* Dkt. No. 151-6, 151-8, 151-9.  This totaled approximately $1 million in fees in the first three months alone.  *Id.*  Meanwhile, Defendants spent only a little over $1 million for the entire dispute.  Ducharme Decl. ¶ 3.

Remarkably, in the lead up to filing the motion for summary judgement in lieu of complaint on February 15, 2019, Quinn Emanuel billed Red Tree over 680 hours among 6 attorneys.  Exh. A at RT_19468-81, RT_19482-90.  The summary judgment motion included a 12-page memorandum of law and 17 exhibits, 11 of which are copies of the Debt Instruments, Assignment Agreements, and notice of the Assignment Agreements.  *Red Tree 1* Dkt. No. 3; *Red Tree 2* Dkt. No. 5.  Such exorbitant hour expenditures in preparation for filing a relatively simple motion are far outside the realm of reasonableness.  Courts in this district have found far fewer hours excessive for similar tasks.  *See Ortiz v. Regan*, 777 F.Supp. 1185, 1189 (S.D.N.Y. 1991) (finding 44.15 hours excessive for drafting, reviewing, and filing a complaint)*; Clarke v. Hudson Valley Fed. Credit Union*, No. 14-CV-5291 (KBF), 2016 WL 884667, at *8 (S.D.N.Y. Mar. 8, 2016) (finding 12.9 hours excessive for work "performed in relation to the drafting, revision and preparation of [a] complaint").  Redundancies and excess are found throughout the invoices provided by Red

---

[4] Red Tree's invoices are being submitted herewith as Exhibits A-H to the Ducharme Declaration.

7

Tree. For example, in February 2019, Quinn Emanuel had three different attorneys, over the course of several days, repeatedly bill for analyzing and reviewing notes on "assigned judges." Exh. A at RT_19488-89. A court may reduce an attorney fee award where more lawyers than necessary were assigned to the dispute. *See Wong v. Hunda Glass Corp*., No. 09 Civ. 4402, 2010 WL 3452417, at *4 (S.D.N.Y. Sep. 1, 2010) (holding the number of attorneys assigned to the case "redundant and excessive" and warranting an across-the-board reduction).

Hours remained exorbitant after March 2019. For example, from May through August 2019, the period of time during which the instant actions were stayed, Red Tree's counsel allegedly still expended 219.7 hours and charged almost $200,000 in fees. *Red Tree 1* Dkt. No. 150-6, 150-9; *Red Tree 2* Dkt. No. 151-6, 151-9.

In total, Quinn Emanuel billed 2,528.6 hours and charged $2,204,259.05 in fees over the course of its engagement from January 2019 through September 2020. *Red Tree 1* Dkt. No. 166-1; *Red Tree 2* Dkt. No. 167-6. This is excessive and unreasonable. Quinn Emanuel allegedly expended these hours in a case that had had no discovery other than a single 1,500 document production; *before* third party discovery commenced; *before* any depositions had been taken; and *before* Red Tree's counsel undertook any of the allegedly time-consuming efforts to resolve "unforeseen procedural hurdles." *Red Tree 1* Dkt. No. 149 at 12; *Red Tree 2* Dkt. No. 150 at 12. To justify its expenses, Red Tree states that Quinn Emanuel is a highly-ranked, "leading litigation firm specializing in business litigation and arbitration." *Red Tree 1* Dkt No. 150 at 9; *Red Tree 2* Dkt. No. 151 at 9. Red Tree does not explain, however, why Quinn Emanuel billed significantly more hours than Defendants' counsel, which Red Tree similarly describes as "sophisticated" and "recognized for its work in commercial litigation." *Red Tree 1* Dkt. No.149 at 12; *Red Tree 2* Dkt. No. 150 at 12. Red Tree then hired new counsel in August 2020.

Red Tree claims that its fee request is "reasonable given the complex legal and factual issues raised in this case," yet it fails to cite any legal or factual issues justifying the hours expended. *Red Tree 1* Dkt. No. 149 at 12; *Red Tree 2* Dkt. No. 150 at 12. Indeed, Red Tree itself characterized the actions as "straightforward" and at their core, they involve only one contested issue—whether payment under the Debt Instruments was impossible due to sanctions imposed by the U.S. government.

Red Tree tries to justify its exorbitant fees by referencing the need for "substantial discovery," but discovery was explicitly "limited" in nature. *See Red Tree 1* Dkt. No. 99; *Red Tree 2* Dkt. No. 100 (order granting a "limited period of discovery"). In fact, discovery in these cases occurred over a brief two-month period. *Red Tree 1* Dkt. Nos. 102, 112; *Red Tree 2* Dkt. Nos. 102, 113. Due to the limited nature of the discovery period, Defendants obtained fewer than 250 documents from third parties. Red Tree itself made only two small productions, providing around 2,600 documents—hardly a "substantial" amount for sophisticated actors. Moreover, there were only two depositions taken over the course of the entire dispute—both by Defendants. Defendants had to bear the brunt of discovery costs given that they lacked access to their own documents and personnel. Yet Red Tree requests more than triple the fees accrued by Defendants' counsel.

### B.     The Invoices Contain Many Vague Time Entry Descriptions

A percentage reduction in attorney fees may be warranted where billing entries are "excessive, unnecessary, and/or vague." *Tucker v. Mukasey,* No. 03 CIV.3106(LTS)(FM), 2008 WL 2544504, at *2 (S.D.N.Y. June 20, 2008). In the Second Circuit, a party seeking attorney fees "must support that request with contemporaneous time records, that show for each attorney, the date, the hours expended, and the nature of the work done." *Cablevision Systems New York City Corp. v. Diaz*, No. 01 Civ. 4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002) (citation

9

omitted). Time entries consisting of "vague descriptions of work performed do not provide courts with an adequate basis upon which to determine the reasonableness of the services and hours expended on a particular matter." *Tucker*, 2008 WL 2544504 at *2. "Although an applicant's records need not be significantly detailed, they must identify the general subject matter of the claimed time expenditures." *Id*. It is not adequate to merely note "that a phone call was placed, a report was reviewed, documents were prepared, or a conference was held." *Id*.

Vague time entries are found throughout the invoices provided by Red Tree. For example, MoloLamken's February 2021 invoice contains impermissibly vague time entries, such as "Review emails and consider strategy" and "Emails re: strategy." Exh. E at RT_19364. Similarly, throughout its invoices, Quinn Emanuel repeatedly includes, "Emails with QE team re: various issues." *See e.g.,* Exh. At at RT_19485, RT_19492, RT_19493, RT_19494; Exh. B at RT_19548.

### C.   Plaintiff Is Not Entitled To Recover Redundant Fees Incurred Due To Its Choice To Replace Counsel

In August 2020, Red Tree elected to replace Quinn Emanuel as its primary counsel and hire MoloLamken instead. After it was hired, MoloLamken had to get "up to speed on the case." *Red Tree 1* Dkt. No. 150 ¶ 30; *Red Tree 2* Dkt. No. 151 ¶ 30. This led to redundant work in which MoloLamken billed numerous hours for its attorneys to review the docket and familiarize themselves with the dispute. *See* Exh. D at RT_19341-43, RT_19344-49. For example, at the beginning of September, MoloLamken billed over 22 hours just to review the docket, generate a summary of the case, and participate in a transition call with Quinn Emanuel. Exh. D at RT_19344. In August 2020, MoloLamken expended 6.8 hours and charged $5,685 to engage in initial communications with Red Tree and conduct research into the background of the case. Exh. D at RT_19341.

This is duplicative of preparation work already billed by Red Tree's original counsel. Defendants should not be required to cover expenses incurred because Red Tree independently chose to replace its counsel mid-stream. Because reasonable hours do not include "excessive, redundant, or otherwise unnecessary" hours, Red Tree's fees should be reduced to account for the redundant fees incurred due to its choice to change counsel. *Ognibene*, 2014 WL 3610947 at *3.

### D. Plaintiff's Engagement of Ganfer Shore Leeds & Zauderer LLP Resulted in Redundant, Unnecessary Fees

In addition to engaging Quinn Emanuel, Red Tree also hired Ganfer Shore Leeds & Zauderer LLP, a litigation boutique, to provide advice about New York state procedure. *Red Tree 1* Dkt. No. 149 at 1–2; *Red Tree 2* Dkt. No. 150 at 1–2. But Red Tree does not explain why Quinn Emanuel was not sufficiently capable of advising on New York procedure.

Quinn Emanuel is a large, international law firm with offices in twenty three locations, including New York.[5] Stephen A. Broome, one of the partners that worked on this matter, is a litigation partner that maintains a presence in New York and is barred in the state of New York.[6] The firm promotes its capabilities in state courts, and the Managing Partner of the New York office is a member of the New York Supreme Court Commercial Division Advisory Council[7] – where the complaint was filed. Red Tree fails to provide a credible explanation as to why work done by Ganfer Shore Leeds & Zauderer LLP was at all necessary.[8]

---

[5] *See* "Locations," Quinn Emanuel Trial Lawyers, https://www.quinnemanuel.com/offices/.
[6] *See* "Stephan A. Broome," Quinn Emanuel Trial Lawyers, https://www.quinnemanuel.com/attorneys/broome-stephen-a.
[7] *See* "Michael B. Carlinsky," Quinn Emanuel Trial Lawyers, https://www.quinnemanuel.com/attorneys/carlinsky-michael-b/.
[8] Red Tree has claimed $71,074.00 for work done by Ganfer Shore Leeds & Zauderer LLP. *Red Tree 1* Dkt. No. 166-1; *Red Tree 2* Dkt. No. 167-1.

### III.     PLAINTIFF'S FEE AWARD SHOULD BE REDUCED BY 70%

In light of the foregoing, Defendants submit that Red Tree's request for fees should be reduced by 70%. A 70% reduction in Red Tree's requested attorney fees is warranted and reasonable. Courts will grant an across-the-board percentage reduction in attorney fees where the hours billed are "excessive in light of the type and amount of work required." *Estate of Heiser*, 2013 WL 4780061 at *5. A 70% reduction would bring Red Tree's fee request more in line with what has reasonably been spent by other similarly situated parties, including Defendants in this case and plaintiffs in similar disputes involving PDVSA.

First, Defendants' counsel charged approximately $1,039,022 in fees to litigate this same matter, less than one third of what Red Tree's counsel charged. New York caselaw makes clear that the fee amount expended by opposing counsel is a relevant factor when assessing the reasonableness of a fee application. *See James v. Nat'l Railroad Passenger Corp.*, No. 02 Civ. 3915, 2005 WL 6182322, at *14 (S.D.N.Y. 2005) ("Although by no means a perfect proxy, the time billed by defendant's counsel is certainly a rough measure of what was 'reasonable' in this case, even taking into account that plaintiff had the ultimate burden of persuasion."). Red Tree has not provided any valid reason as to why it is reasonable that its fees are more than triple that of Defendants', especially given the fact that Defendants were the parties that conducted third party discovery and took depositions.

Second, plaintiffs in analogous cases against PDVSA have requested *substantially* less in attorney fees than Red Tree has requested here. In both the *Dresser-Rand* and *Cimontubo* cases, PDVSA stipulated to the entire amount of fees requested by plaintiffs; those fees were a fraction of what Red Tree has requested here. In *Cimontubo*, the plaintiff incurred $119,818.00 in fees and $4,715.35 in expenses, for a total of $124,533.35. *Cimontubo - Tubagens E Soldadura, LDA v. Petróleos De Venezuela, S.A*, No. 20 Civ. 05382 (GBD), Dkt. No. 50 (S.D.N.Y. Apr. 2, 2021).

12

This is a small fraction of what Red Tree has requested here even though *Cimontubo* involved a remarkably similar set of facts and followed a very similar procedural history: *Cimontubo* filed a motion for summary judgment in lieu of complaint against PDVSA for non-payment of a note; PDVSA filed a motion for discovery under Fed. R. Civ. P. 56(d); PDVSA was allowed to pursue limited third-party discovery; and the court subsequently granted Cimontubo's motion for summary judgment, awarding nearly $48 million in damages. Cimontubo essentially litigated the same case as Red Tree, and achieved the same result, but spent less than 4% of what Red Tree spent in legal fees.

Similarly, in *Dresser-Rand*, the plaintiff incurred $1,604,737.62 in costs and attorney fees, about half of what Red Tree has requested here, even though *Dresser-Rand* involved significantly more work. *Dresser-Rand v. Petróleos De Venezuela, S.A*, No. 19-cv-02689 (LLS), Dkt. No. 162 (S.D.N.Y. Feb. 22, 2022). In *Dresser-Rand*, the parties had an in-person trial to decide liability, and fully briefed and argued an appeal before the Second Circuit. There is no plausible reason Red Tree's fees should be double those of Dresser-Rand, when the instant actions did not involve a trial, trial preparation, or a Second Circuit appeal. Red Tree's fees should be significantly *less* than Dresser-Rand's, not double.

In light of this, 70% is a reasonable reduction in this instance. Courts in this district are willing to grant 70% reductions where the hours and fees requested are, as here, grossly exorbitant. *See e.g.*, *Andert v. Allied Interstate LLC*, No. 12 Civ. 7010(PAC), 2013 WL 3833077, at *4 (S.D.N.Y. Jul. 17, 2013) (70% reduction); *Days Inn Worldwide, Inc. v. Amar Hotels, Inc.*, No. 05–cv–10100 (KMW) (KNF), 2008 WL 2485407, at *10 (S.D.N.Y. June 18, 2008) (75% reduction); *Estate of Heiser*, 2013 WL 4780061 at *5 (70% reduction); *Williams v. Epic Security Corp.*, 368 F.Supp.3d 651, 662 (S.D.N.Y. 2019) (66% and 70% reductions).

## **CONCLUSION**

For the foregoing reasons, PDVSA respectfully submits that this Court should reduce Red Tree's application for fees by 70%.

Dated: March 16, 2022

                                                      Respectfully submitted,

                                                     HOGAN LOVELLS US LLP

                                                     /s/ Dennis H. Tracey III
                                                     Dennis H. Tracey, III
                                                     Matthew A. Ducharme
                                                     390 Madison Avenue
                                                     New York, NY 10017
                                                     Tel: (212) 918-3000
                                                     Fax: (212) 918-3100
                                                     dennis.tracey@hoganlovells.com
                                                     matthew.ducharme@hoganlovells.com

                                                     Richard C. Lorenzo (pro hac vice)
                                                     600 Brickell Avenue,
                                                     Suite 2700
                                                     Miami, FL 33131
                                                     Tel: (305) 459-6500
                                                     Fax: (305) 459-6550
                                                     richard.lorenzo@hoganlovells.com

                                                     *Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*